IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRIBUTED OF PUERTO RICO

IN RE:

TEOFILO MOLINA RODRIGUEZ   CASE NO. 10-12071 BKT

JACKELINE ROSADO SILVESTRY   Chapter 13

XXX-XX-3207

XXX-XX-0102

FILED & ENTERED ON 02/14/2011

Debtor(s)

**DECISION AND ORDER**

    This proceeding is before the Court upon the Debtor's Motion to Impose Automatic Stay under 11 U.S.C. § 105(a) [Dkt. No. 24]. The Debtor, who had a case dismissed within the 1-year period preceding the present petition date, previously filed a Motion for Continuance of the Automatic Stay Pursuant to 11 U.S.C. § 362(c)(3) 21 days after the petition date. This Court denied said motion for failure to comply with Local Bankruptcy Rule 4001-5. Local Bankruptcy Rule 4001-5 states that a motion for continuance of the automatic stay "should be filed as a separate document at the time of the filing of the petition, or three (3) days thereafter in order to allow sufficient time for a hearing on notice, before the thirtieth (30th) day after the filing of the case" when the Debtor had previously filed within the 1-year period prior to the later petition date and failed to comply with the prompt filing of the 362(c)(3) motion in this case.

    The Debtor now seeks imposition of the automatic stay under this Court's equitable powers to enforce provisions of the Bankruptcy Code, 11 U.S.C. §§ 101 *et. seq.*, specifically under 11 U.S.C. § 362(c)(3). That section states that "if

a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, […] the court may extend the stay in particular cases as to any or all creditors […] after notice and a hearing completed *before the expiration of the 30-day period* [after the filing of the later case]." In this case, the 30 day period following the filing of the petition of the present case has passed, therefore the Court cannot impose the stay after its expiration. This Court will not use its equitable power to circumvent Congress mandate to comply with the statutory deadline imposed.

WHEREFORE, IT IS ORDERED that the Debtor's Motion to Impose Automatic Stay is DENIED as moot.

SO ORDERED.

San Juan, this 14 day of February, 2011.

Brian K. Tester
U.S. Bankruptcy Judge

CC: DEBTOR(S)
HAROLD FRYE
ALEJANDRO OLIVERAS RIVERA